**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENE ANTONIO CORTEZ-ALEJANDRO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.   15-71546 Agency No. A094-771-286 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 26, 2020**

Before:     McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Rene Antonio Cortez-Alejandro, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Cortez-Alejandro failed to establish he was persecuted on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Substantial evidence also supports the agency's determination that Cortez-Alejandro failed to establish an objectively reasonable fear of future persecution in Guatemala. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, Cortez-Alejandro's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Cortez-Alejandro failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**